UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 13-80162-CR-HURLEY/HOPKINS

CASE NO. _____

18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 1346
18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)

FILED by **KZ** D.C.
ELECTRONIC

**Aug 13, 2013**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

UNITED STATES OF AMERICA

v.

AVIATION FUEL INTERNATIONAL,
INC. and SEAN E. WAGNER,

Defendants.

_____/

## INDICTMENT

The Grand Jury charges:

### INTRODUCTION

At all times relevant to this Indictment:

1.      Ryan International Airlines ("Ryan") was an entity organized and existing under the laws of the State of Illinois with its principal place of business in Rockford, Illinois.  Ryan provided air passenger and cargo services for corporations, private individuals, and the United States government.  During the period covered by this Indictment, a significant portion of Ryan's business consisted of transporting personnel and cargo for the United States Department of Defense and the United States Department of Homeland Security on domestic and international flights.

2.     During the period covered by this Indictment, Wayne Kepple was a resident of Lake Worth, Florida, located in Palm Beach County. Kepple was the Vice President of Ground Operations for Ryan. As part of his responsibilities, he contracted with providers of goods and services on behalf of Ryan and approved the invoices submitted by those providers to Ryan for payment. Kepple had a fiduciary duty to act honestly and faithfully in all business dealings with Ryan and to do business in Ryan's best interests. Kepple had a duty to inform Ryan about any personal benefit not provided by Ryan, including kickbacks or commission payments, that he received or expected to receive from working on any of Ryan's business transactions.

3.     Company A, known to the Grand Jury, was an entity organized and existing under the laws of the State of Delaware with its principal place of business in Broward County, Florida. Aviation Fuel International, Inc. ("AFI") was an entity organized and existing under the laws of the State of Florida with its principal place of business in Broward County, Florida. Company A and AFI were aviation fuel brokerage companies that purchased fuel from suppliers and sold it to individual airlines.

4.     Sean E. Wagner ("Wagner") was a resident of Davie, Florida, located in Broward County. Wagner controlled and operated Company A from in or about August 2005 until at least August 2009 and controlled and operated AFI from in or about July 2006 until at least August 2009. Under Wagner's control, Company A

2

and AFI were engaged in the business of selling aviation fuel and equipment to Ryan for domestic and international flights.

      5.    Various individuals not made defendants in this Indictment participated as co-conspirators in the offenses charged herein and performed acts and made statements in furtherance thereof.  Whenever this Indictment refers to any act, deed, or transaction of any company, it means that the company engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## COUNT ONE – CONSPIRACY TO COMMIT
## HONEST SERVICES WIRE FRAUD
### (18 U.S.C. § 1349)

6.      Each and every allegation contained in Paragraphs 1-5 of this Indictment is hereby realleged as if fully set forth in this Count.

### DESCRIPTION OF THE OFFENSE

7.      Beginning at least as early as December 2005 and continuing through at least August 2009, the exact dates being unknown to the Grand Jury, in Palm Beach and Broward Counties, in the Southern District of Florida and elsewhere, the defendants,

### AVIATION FUEL INTERNATIONAL, INC.
### and SEAN E. WAGNER,

with Company A, Wayne Kepple, and other co-conspirators, did knowingly and willfully conspire, combine, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Sections 1343 (wire fraud) and 1346 (theft of honest services), in violation of Title 18, United States Code, Section 1349.  Company A and Wagner joined and participated in the conspiracy beginning at least as early as December 2005 through at least August 2009.  AFI joined and participated in the conspiracy from in or about July 2006 through at least August 2009.

### OBJECT OF THE CONSPIRACY

8.      It was a part and an object of the conspiracy that AFI and Wagner, with Company A, Wayne Kepple, and other co-conspirators, knowingly devised and

4

intended to devise a scheme and artifice to defraud and deprive Ryan of the honest and faithful services of Kepple by making kickback payments to Kepple and concealing material information from Ryan.  For the purpose of executing such scheme and artifice to defraud and deprive, and attempting to do so, the defendants did transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, in violation of Title 18, United States Code, Sections 1343 and 1346.

**THE MANNER AND MEANS BY WHICH THE
CONSPIRACY WAS CARRIED OUT**

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

9.      Beginning at least as early as December 2005, Company A, Wagner, and others began making kickback payments to Kepple in exchange for Kepple awarding business for fuel supply services to Company A and Wagner.  In or about July 2006, AFI, Wagner, and others began making kickback payments to Kepple in exchange for Kepple awarding business for fuel supply services to AFI and Wagner. During the course of the scheme, Kepple solicited and accepted over $200,000.00 in kickback payments for fuel supply services and equipment that Company A, AFI, and Wagner provided to Ryan.

10.      In his capacity as an employee of Ryan, Kepple provided favorable treatment to Company A, AFI, and Wagner, including continuing to award business

5

to Company A, AFI, and Wagner in exchange for kickback payments. Kepple and

Company A, AFI, and Wagner also agreed to inflate the price of fuel and equipment

sold to Ryan and to split the proceeds between them. Kepple foresaw or reasonably

should have foreseen that Ryan might suffer an economic harm as a result of the

breach of his fiduciary duty to Ryan.

11.     Company A, AFI, Wagner, and others took steps to hide, conceal, and

cover up their activity and the nature and scope of their dealings with Kepple,

including wiring payments to the personal bank account of Kepple and making

secret cash payments.

## OVERT ACTS

In furtherance of the conspiracy and to effect the illegal objects thereof, the

following overt acts, among others, were committed in the Southern District of

Florida and elsewhere:

12.     Beginning at least as early as December 2005 and continuing through

at least August 2009, Company A, AFI, Wagner, and others made kickback

payments, totaling over $200,000.00, in the form of checks, wire transfers, cash, and

gift cards, to Kepple.

13.     On or about December 8, 2005, at the direction of Wagner, Company A

and others made a kickback payment of $5,000.00 by check to Kepple.

14.     On or about October 6, 2006, at the direction of Wagner, Company A

and others made a kickback payment of $3,500.00 by a wire transfer to Kepple.

6

15.     On or about November 16, 2007, at the direction of Wagner, AFI and others made a kickback payment of $10,000.00 by a wire transfer to Kepple.

16.     On or about August 27, 2008, at the direction of Wagner, AFI and others made a kickback payment of $5,000.00 by a wire transfer to Kepple.

17.     On or about November 3, 2008, Wagner and others made, and caused to be made, a kickback payment of $5,000.00 in the form of American Express gift cards to Kepple.

18.     On or about May 12, 2009, AFI, Wagner, and others made, and caused to be made, a kickback payment of $5,000.00 in cash shipped by FedEx to Kepple.

19.     On or about June 29, 2009, AFI, Wagner, and others made, and caused to be made, kickback payment of $2,000.00 in cash shipped by FedEx to Kepple.

20.     On or about July 3, 2009, Company A, Wagner, and others made, and caused to be made, a kickback payment of $5,000.00 in cash to Kepple.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO AND THREE - WIRE FRAUD
### (18 U.S.C. §§ 1343, 1346)

The Grand Jury further charges:

21.     Each and every allegation contained in Paragraphs 1-20 of this Indictment is hereby realleged and incorporated by reference as if fully set forth in this Count.

22.     Beginning at least as early as December 2005 and continuing until at least August 2009, the exact dates being unknown to the Grand Jury, in Broward County, in the Southern District of Florida and elsewhere, the defendants,

### AVIATION FUEL INTERNATIONAL, INC.
### and SEAN E. WAGNER,

with Company A, Wayne Kepple, and others, knowingly devised and intended to devise a scheme and artifice to defraud and deprive Ryan of the honest and faithful services of Kepple by making kickback payments to Kepple and concealing material information from Ryan.  For the purpose of executing such scheme and artifice to defraud and deprive, and attempting to do so, the defendants did transmit and cause to be transmitted by means of wire communication in interstate commerce, the following writings, signs, signals, and sounds:

8

| Count | Date (On/About) | Interstate Wire Transmission |
|---|---|---|
| TWO | August 27, 2008 | Interstate wire transfer in the amount of $5,000.00 from AFI's corporate bank account at Bank of America to Kepple's personal bank account at Bank of America |
| THREE | November 3, 2008 | Purchase of $5,000.00 in American Express gift cards on the American Express internet website www.americanexpress.com to be delivered to Kepple |

All in violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNTS FOUR AND FIVE - MAIL FRAUD
### (18 U.S.C. §§ 1341, 1346)

The Grand Jury further charges:

23.    Each and every allegation contained in Paragraphs 1-22 of this Indictment is hereby realleged and incorporated by reference as if fully set forth in this Count.

24.    Beginning at least as early as December 2005 and continuing until at least August 2009, the exact dates being unknown to the Grand Jury, in Broward County, in the Southern District of Florida and elsewhere, the defendants,

### AVIATION FUEL INTERNATIONAL, INC.
### and SEAN E. WAGNER,

with Company A, Wayne Kepple, and others, knowingly devised and intended to devise a scheme and artifice to defraud and deprive Ryan of the honest and faithful services of Kepple by making kickback payments to Kepple and concealing material information from Ryan.  For the purpose of executing such scheme and artifice to defraud and deprive, and attempting to do so, the defendants knowingly deposited and caused to be deposited, to be sent and delivered by FedEx Corporation, a private and commercial interstate carrier, the following matters:

| Count | Date (On/About) | Mail |
|-------|-----------------|------|
| FOUR | May 12, 2009 | $5,000.00 cash from Sunrise, FL, to be sent and delivered to Kepple in Loves Park, IL |
| FIVE | June 29, 2009 | $2,000.00 cash from Sunrise, FL, to be sent and delivered to Kepple in Loves Park, IL |

All in violation of Title 18, United States Code, Sections 1341 and 1346.

## CRIMINAL FORFEITURE
### (18 U.S.C. § 981(a)(1)(C))

25.    Upon conviction of one or more of the offenses alleged in Counts One through Five of this Indictment, the defendants, AVIATION FUEL INTERNATIONAL, INC. and SEAN E. WAGNER, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the violations.

26.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred, or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

12

All pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461; and Title 21, United States Code, Section 853.

Dated:

_____
Foreperson
A TRUE BILL

William J. Baer
Assistant Attorney General
Antitrust Division
U.S. Department of Justice

Lisa M. Phelan
Chief, Nat'l Criminal Enforcement Section
Antitrust Division
U.S. Department of Justice

Scott D. Hammond
Deputy Assistant Attorney General
Antitrust Division
U.S. Department of Justice

Shane N. Cralle, Bar #A5501839
Craig Y. Lee, Bar #A5501111
Natasha Smalky, Bar #A5501851
Trial Attorneys
National Criminal Enforcement Section
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11300
Washington, DC  20530
Tel:  (202) 532-4398 / Fax:  (202) 514-6525
Email:  Shane.Cralle@usdoj.gov

Marvin N. Price
Director of Criminal Enforcement
Antitrust Division
U.S. Department of Justice

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

AVIATION FUEL INTERNATIONAL INC.,
       and
SEAN E. WAGNER
                         Defendants.
_____/

CASE NO.  _13-80162-CR-Hurley/Hopkins_

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

New Defendant(s)           Yes _____   No ____
Number of New Defendants           _____
Total number of counts           _____

____ Miami    ____ Key West
____ FTL    _X_ WPB    ____ FTP

I do hereby certify that:

1.     I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.     I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.     Interpreter:     (Yes or No)     _No_
       List language and/or dialect     _____

4.     This case will take     _10-14_  days for the parties to try.

5.     Please check appropriate category and type of offense listed below:

       (Check only one)                                      (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | | _____ |
| II | 6 to 10 days | _____ | Minor | | |
| III | 11 to 20 days | X | Misdem. | | |
| IV | 21 to 60 days | _____ | Felony | | X |
| V | 61 days and over | _____ | | | |

6.     Has this case been previously filed in this District Court?  (Yes or No)     _No_
If yes:
Judge: _____     Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?     (Yes or No)     _Yes_
If yes:
Magistrate Case No.     _13-08336-JMH_
Related Miscellaneous numbers:     _None_
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____     District of _____

Is this a potential death penalty case? (Yes or No)     _No_

7.     Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  _____ Yes   _X_   No

8.     Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  _____ Yes   _X_   No

_____
Shane N. Cralle
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. A5501839

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:  AVIATION FUEL INTERNATIONAL INC.,**

**Case No:**  *13 - 80162 - CR - HURLEY/HOPKINS*

Count  #: 1

Conspiracy to Commit Honest Services Wire Fraud

Title 18, United States Code, Section 1349

\* **Max.Penalty:**   $500,000 fine

Counts  #: 2-3

Wire Fraud

Title 18, United States Code, Sections 1343 and 1346

\* **Max.Penalty:**   :   $500,000 fine

Counts  #: 4-5

Mail Fraud

Title 18, United States Code, Section 1341, and 1346

\* **Max.Penalty:**   :   $500,000 fine

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:  SEAN E. WAGNER**

**Case No:**  *13 - 80162 - CR- HURLEY/HOPKINS*

Count  #: 1

Conspiracy to Commit Honest Services Wire Fraud
Title 18, United States Code, Section 1349

**\* Max.Penalty:**  20 Year's incarceration $250,000 fine

Counts  #: 2-3

Wire Fraud
Title 18, United States Code, Sections 1343 and 1346

**\* Max.Penalty:   :**  20 Year's incarceration $250,000 fine

Counts  #: 4-5

Mail Fraud

Title 18, United States Code, Section 1341, and 1346

**\* Max.Penalty:   :**  20 Year's incarceration $250,000 fine

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _13—80162-CR-Hurley/Hopkins_

## BOND RECOMMENDATION

DEFENDANT: AVIATION FUEL INTERNATIONAL INC.

Personal Surety

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   Shane N. Cralle

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s): _____

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: *13-80162-CR-Hurley / Hopkins*

### BOND RECOMMENDATION

DEFENDANT: SEAN E. WAGNER

Personal Surety
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   Shane N. Cralle

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s): _____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)