UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  13-80162-CR-DTKH/JMH

UNITED STATES OF AMERICA

                Plaintiff,

vs.

SEAN E. WAGNER, et. al.,

                Defendant.

_____/

## DEFENDANT SEAN WAGNER'S MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT

    COMES NOW the defendant SEAN WAGNER, by and through the undersigned counsel and moves this Court to strike surplusage from the indictment in this case and states;

    1.    The defendant has been charged in a five count indictment. (D.E. # 19) The charges allege conspiracy to commit "honest services fraud" (Count 1); wire fraud (Counts 2 and 3); and mail fraud (Counts 4 and 5).

    2.    The defendant during the time alleged was a fuel broker who provided air carriers with aviation fuel at various locations where the air carrier would have landed and needed to refuel.

    3.    The indictment alleges that the defendant conspired and devised a scheme to defraud the victim, Ryan Air International ("Ryan") of the "honest and faithful services" of one of Ryan's employees, Wayne Kepple ("Kepple"). The indictment further alleges that the defendant accomplished this scheme by paying "kickback payments" to Kepple in exchange for Ryan's business in refueling its aircraft.

1

4. The indictment contains language that is irrelevant and immaterial and serves only to confuse and improperly prejudice the jury that will have to decide this case. Specifically, paragraph "1" of the indictment generally describes the business of Ryan as follows:

> Ryan International Airlines ("Ryan") was an entity organized and existing under the laws of the State of Illinois with its principal place of business in Rockford, Illinois. Ryan provided air passenger and cargo services *for corporations, private individuals, and the United States government. During the period covered by this Indictment, a significant portion of Ryan's business consisted of transporting personnel and cargo for the United States Department of Defense and the United States Department of Homeland Security on domestic and international flights.*

4. The gratuitous references to Ryan providing transportation to the government and specifically the Department of Defense and the Department of Homeland Security are not essential facts constituting the offenses charged and therefore in accordance with the Federal Rules of Criminal Procedure, this language should be stricken by the court. There are no allegations that *any* of Ryan's customers, whether individual, corporation or government suffered any loss and there will be no such evidence. Nor, is Ryan's service to any government entity the basis of federal jurisdiction over the offenses charged. This language is highly prejudicial to the defendant and does not serve any purpose other than to prejudice the defendant.

## MEMORANDUM OF LAW

The form of indictments is governed by Rule 7 of the Federal Rules of Criminal Procedure. Rule 7(c) provides that "[t]he indictment … *must* be a plain, concise, and definite written statement of the essential facts constituting the offense charged…." (*Emphasis added*) Additionally, Rule 7 provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. Pro. 7 (d).

The Note to Subdivision (d) states that "This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which

may, however, be prejudicial…. Courts that have considered the application of this rule have held that a motion to strike surplusage should be granted if it is clear that the challenged allegations are (1) not relevant to the charge; (2) inflammatory; and (3) prejudicial to the defendant. *United States v. Williams,* 445 F/3d 724, 733 (4th Cir. 2006).

The language challenged here satisfies all three of the above criteria. The references to Ryan's government clientele are not relevant to the crimes charged in this case. There is simply no reason for the inclusion of the reference to the Department of Defense or the Department of Homeland Security. Jurisdictional allegations in this case are predicated upon the use of the United States Mail and interstate wire facilities. There are absolutely no allegations that there was a theft of government property nor are there any allegations that the government was defrauded. At most, the allegations pertain to an alleged scheme against Ryan, a private company, and the identity of Ryan's clientele, whether government or civilian, is of absolutely no significance.

This language is inflammatory in that the inclusion of this language is misleading and erroneously suggests that the defendant's conduct compromised the Department of Defense and the Department of Homeland Security, two agencies that are vital to the national security. With no legally justifiable reason to be included in the indictment, this language is highly prejudicial to the defendant and should be redacted from the indictment.

WHEREFORE, the defendant requests that the surplus language challenged in this motion be stricken from the indictment.

## Local Rule 88.9 Certificate

The undersigned has conferred with opposing counsel in a good faith effort to resolve by agreement this Motion. The government objects to the granting of this motion.

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on October 7, 2013 , I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                        Respectfully submitted,

                        /s/ *James R. Gailey*
                        James R. Gailey, Esq.
                        Fla. Bar No.  304832
                        1210 Washington Avenue
                        Suite 245
                        Miami Beach, FL  33139
                        Tel:     305-532-3254
                        Facs:   866-676-7967
                        Email: jgailey@gailey-law.com