UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-cr-80162-Hurley/Hopkins

UNITED STATES OF AMERICA

v.

AVIATION FUEL INTERNATIONAL,
INC. and SEAN E. WAGNER,

        Defendants.
_____/

## RESPONSE OF THE UNITED STATES IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT

The United States, through its undersigned attorneys, hereby responds in opposition to Defendant Sean E. Wagner's Motion to Strike Surplusage from the Indictment (Docket #32). In his motion, the defendant asks that language from Paragraph 1 describing the victim of his alleged conduct be stricken from the Indictment as "not essential facts" and highly prejudicial. However, the defendant is unable to meet the most exacting standard required to strike this language from the Indictment, as it is neither prejudicial nor irrelevant. Therefore, his motion should be denied. Moreover, the issue of whether to strike this language is premature and, in the alternative, the Court should reserve judgment until it has heard evidence at trial that will establish the relevance of the purportedly surplus language.

### I. BACKGROUND

The Indictment charges the defendant, Sean Wagner, and his company, Aviation Fuel International, Inc. ("AFI") with conspiracy to commit honest services fraud, two counts of wire fraud, and two counts of mail fraud, in violation of Title 18, United States

Code, Sections 1341, 1343, 1346, and 1349.  The Indictment alleges that, from at least as early as August 2005 until at least August 2009, the defendants were engaged in a conspiracy to commit honest services fraud relating to the sale of aviation fuel and equipment to airlines.

In particular, the Indictment references fuel sales to one customer – Ryan International Airlines ("Ryan") – and the defendants' participation in a conspiracy to defraud and deprive Ryan of the honest and faithful services of Wayne Kepple ("Kepple"), Vice President of Ground Operations for Ryan, through the payment of over $200,000 in kickbacks to Kepple.  The Indictment alleges that Kepple purchased fuel and equipment from the defendant and his companies at inflated prices in exchange for these kickbacks.  The Indictment also states that a significant portion of Ryan's business during this period consisted of transporting personnel and cargo for the United States Department of Defense ("DoD") and Department of Homeland Security ("DHS").  This reference to Ryan's customers is the language at issue in the defendant's motion.

## II. ARGUMENT

Federal Rule of Criminal Procedure 7(d) provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information."  Fed. R. Crim. P. 7(d).  Rule 7(d) is designed to protect a defendant against "immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial."  Fed. R. Crim. P. 7(d) Advisory Committee's Note.  However, such motions are rarely granted; indeed, a court should grant a motion to strike surplusage only in those limited circumstances where "the allegations are not relevant to the charge *and* are inflammatory and prejudicial."  *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir.

1992) (internal citation omitted) (emphasis added).  As a result of this most exacting standard, the defendant bears a heavy burden as, even where prejudice is shown, language in an indictment should not be stricken if it bears some relevance to the offense charged.  *See United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990) ("If evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken.") (citation omitted).  Moreover, to the extent a court finds surplus allegations prejudicial, it should reserve ruling on a motion to strike surplusage "until [it] has heard evidence that will establish the relevance of the allegedly surplus language . . . ."  *Awan*, 966 F.2d at 1426.

> 1. *The Description of Ryan's Customer Base Is Highly Relevant to the Defendant's Conspiratorial Scheme*

The fact that a significant portion of Ryan's business consisted of transporting personnel and cargo for the United States Department of Defense and the United States Department of Homeland Security is highly relevant to the conspiratorial scheme charged in the Indictment.  The Indictment alleges that the defendant and his companies supplied aviation fuel to Ryan at inflated prices and that the defendants were able to charge higher prices to Ryan because the kickback payments to Kepple ensured the defendants would subvert the competitive process.  Ryan provided air and cargo services to DoD and DHS on a dependable, regular schedule, which necessarily required large, consistent purchases of aviation fuel, unlike many of the defendants' other customers procuring fuel for flights flown on an irregular, ad hoc basis.  Further, these contracts with DoD were unique in that the military set the price of a flight and offered it to Ryan to either accept or reject, which Ryan typically accepted regardless of operating costs, including the price of fuel.  Therefore, while the nature of Ryan's customers is not essential to an element of the

3

charges of conspiracy to commit honest services fraud, wire fraud, or mail fraud, it does relate to the allegations the United States intends to prove and is relevant to the overall scheme. *See United States v. Wecker*, 620 F. Supp. 1002, 1006 (D. Del. 1985) (denying motion to strike descriptive language that, while not essential to the charges, was relevant to the scheme charged); *see also United States v. Ervin*, No. 1:11cr7, 2011 WL 1321579, at *1 (M.D. Ala. April 6, 2011) (finding description of defendant's marital status relevant to conspiracy charges despite not being an element of the offense). Accordingly, the defendant's request does not meet the exacting standard required to strike surplusage and should be denied.

    2. *The Description of Ryan's Customers Is Not Prejudicial to the Defendant*

Further, the defendant argues the inclusion of language noting Ryan provided air passenger and cargo services for corporate, private, and government clients, including the Department of Defense and Department of Homeland Security, is "misleading" and may "erroneously suggest[] the defendant's conduct compromised . . . two agencies that are vital to the national security." There is no basis for this claim.

The Indictment simply states that "a significant portion of Ryan's business consisted of transporting personnel and cargo for the United States Department of Defense and the United States Department of Homeland Security on domestic and international flights." Rather than being misleading, it is quite clear and accurate on its face, and it is not subject to any reasonable misinterpretation. This purportedly surplus language does not reference national security or the nature of these flights, and it is not inherently inflammatory or prejudicial on its face. Instead, it is merely introductory and explanatory in nature. Introductory language such as this provides background for the

4

jury to understand the context of the defendant's conduct, and informational language like this is rarely stricken.  *See*, *e.g.*, *United States v. Watt*, 911 F. Supp. 538, 554 (D.D.C. 1995) (denying motion to strike background language helpful to the jury understanding the nature and context of the alleged conduct).

Moreover, as described above, Ryan's customer base is relevant to the defendant's conspiratorial scheme, and the jury will hear during the United States' case-in-chief the underlying nature of Ryan's customers.  As such, the issue here is not with the language of the Indictment but with the jury's understanding of this evidence.  Because counsel can ably explain to the jury the nature and meaning of this language without confusion, the allegedly surplus language is not inherently prejudicial or inflammatory such that it should be stricken from the Indictment.  *See*, *e.g.*, *United States v. McGregor*, No. 2:10cr-186, 2011 WL 1362102, at *2-3 (M.D. Ala. April 11, 2011) (finding "pro-gambling" language in indictment to be neither inflammatory or prejudicial – despite claims it would play to prospective jurors' personal or religious beliefs regarding gambling – because counsel could explain the meaning of the language to jury such that they could understand it without confusion); *United States v. Williams*, No. 7-80179-cr, 2008 WL 4867748, at *3 (S.D. Fl. Nov. 10, 2008) (adopting recommendation of magistrate judge not to strike phrase "stock promoter" because it was innocuous on its face and not prejudicial to defendant as it related to the gist of the allegations).

*3.  The Defendant's Motion to Strike Surplusage Is Premature at this Juncture*

Finally, the defendant's motion to strike this allegedly surplus language is premature at this point in the proceedings, and, to the extent the Court has concerns about the relevance of the description of Ryan's customers, it should reserve judgment until it

has heard the evidence.  *Awan*, 966 F.2d at 1426; s*ee also*, *e.g.*, *United States v. Blitch*, No. 5:08cr40, 2009 WL 973359, at *3 (M.D. Ga. 2009) (reserving ruling on motion to strike language relating to honest services object of conspiracy until the close of the government's case when the court would better understand the relevance of the purportedly surplus language); *see also Ervin*, 2011 WL 1321579, at *2-3 (denying motion to strike surplusage without prejudice but allowing defendant to renew motion if government failed to establish relevance of alleged surplus language at trial).

### III. CONCLUSION

For the reasons stated above, Defendant Sean E. Wagner's Motion to Strike Surplusage from the Indictment should be denied.  In the alternative, the Court should reserve judgment until the close of the United States' case-in-chief to determine the relevancy of the allegedly surplus language.

DATED this 23rd day of October, 2013.

    Respectfully submitted,

    /s/Shane Cralle
    Shane Cralle, Bar #A5501839
    Craig Y. Lee, Bar #A5501111
    Natasha Smalky, Bar #A5501851
    Trial Attorneys
    National Criminal Enforcement Section
    Antitrust Division
    U.S. Department of Justice
    450 Fifth Street NW, Suite 11300
    Washington, DC 20530
    (202) 532-4398
    shane.cralle@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2013, I electronically filed the foregoing document with the Clerk of the Court through the Electronic Case Filing System.  I also certify that a true and correct copy of the foregoing was served by CM/ECF on this date on all counsel of record.

/s/Shane Cralle_____
Shane Cralle,Bar #A5501839
U.S. Department of Justice
450 Fifth Street NW, Suite 11300
Washington, DC  20530
(202) 532-4398
shane.cralle@usdoj.gov