UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>13-80162-CR-HURLEY/HOPKINS</u>

UNITED STATES OF AMERICA

v.

SEAN E. WAGNER,

Defendant.

_____/

## PLEA AGREEMENT

The United States of America and Sean E. Wagner ("defendant") hereby enter into the

following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal

Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1.      The defendant understands his rights:

      (a)      to be represented by an attorney;

      (b)      to plead not guilty to any criminal charges brought against him;

      (c)      to have a trial by jury, at which he would be presumed not guilty of the

charges and the United States would have to prove every essential element of the charged

offenses beyond a reasonable doubt for him to be found guilty;

      (d)      to confront and cross-examine witnesses against him and to subpoena

witnesses in his defense at trial;

      (e)      not to be compelled to incriminate himself;

      (f)      to appeal his conviction, if he is found guilty; and

      (g)      to appeal the imposition of sentence against him.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.      The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(f) above.  The defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 1291 afford the defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this Plea Agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory Guidelines range that the Court establishes at sentencing.  The defendant further understands that nothing in this Plea Agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291.  However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights.  By signing this Plea Agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this Plea Agreement with his attorney.  Nothing in this paragraph, however, shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.  The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

3.      The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to Count One of the Indictment and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

2

**FACTUAL BASIS FOR OFFENSES CHARGED**

4.      Had this case gone to trial, the United States would have presented evidence

sufficient to prove the following facts:

(a)      For purposes of this Plea Agreement, the "relevant period" is that period

from December 2005 until August 2009.  During the relevant period, the defendant

owned, controlled, and operated Company A, an entity organized and existing under the

laws of the State of Delaware with its principal place of business in Broward County,

Florida.  From in or about July 2006 until August 2009, the defendant owned, controlled

and operated Aviation Fuel International, Inc. ("AFI"), an entity organized and existing

under the laws of the State of Florida with its principal place of business in Broward

County, Florida.  During the relevant period, AFI and Company A (collectively

"AFI/Company A") were aviation fuel brokerage companies engaged in the business of

supplying aviation fuel, equipment, and services to individual airlines, including Ryan

International Airlines, for domestic and international flights.

(b)      As to Count One of the Indictment:

(i)      During the relevant period, the defendant agreed to and

participated in a conspiracy to defraud AFI/Company A customer Ryan International

Airlines of the honest services of Ryan International Airlines employee Wayne Kepple

("Kepple"), the Vice President of Ground Operations for Ryan International Airlines.

Kepple had a fiduciary duty to act honestly and faithfully in all business dealings with

Ryan International Airlines and to do business in Ryan International Airlines' best

interests.  The defendant knew the unlawful purpose of the plan to commit honest

services wire fraud and willfully joined in it.  As part of the scheme to defraud, the

3

defendant made kickback payments to Kepple in excess of $200,000, in the form of checks, wire transfers, cash, and gift cards, and concealed material information from Ryan International Airlines in exchange for the award of business to AFI/Company A.

(ii)     During the relevant period, the defendant, for the purpose of executing the scheme to defraud, did knowingly transmit, and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, including kickback payments to Kepple.  The kickback payments to Kepple included, for example, a payment of $5,000 by wire transfer on or about August 27, 2008, and a payment of $5,000 by American Express gift cards purchased on the American Express internet website on or about November 3, 2008.

(iii)    Acts in furtherance of this scheme to defraud were carried out within the Southern District of Florida.  The defendant made kickback payments to Kepple on behalf of AFI/Company A in Broward County, Florida, and directed invoices to Ryan International Airlines from the office of AFI/Company A in Sunrise, Florida.

## POSSIBLE MAXIMUM SENTENCE

5.     The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for Count One of the Indictment is:

(a)     a term of imprisonment for twenty (20) years;

(b)     a fine in an amount equal to the greatest of (1) $250,000, (2) twice the gross pecuniary gain derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime (18 U.S.C. § 3571(b) and (d)); and

(c)     a term of supervised release of three (3) years following any term of imprisonment.  If the defendant violates any condition of supervised release, the

defendant could be required to serve up to two (2) years in prison (18 U.S.C.

§ 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and United States Sentencing Guidelines

("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") § 5D1.2(a)(2)).

6.      In addition, the defendant understands that:

(a)      pursuant to 18 U.S.C. § 3663A(c)(1), the Court is required to order him to

pay restitution to Ryan International Airlines, Inc., the victim of the offense; and

(b)      pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the

defendant to pay a $100.00 special assessment upon conviction of Count One of the

Indictment.

## SENTENCING GUIDELINES

7.      The defendant understands that the Sentencing Guidelines are advisory, not

mandatory, but that the Court must consider, in determining and imposing sentence, the

Guidelines Manual in effect on the date of sentencing unless that Guidelines Manual provides for

greater punishment than the Guidelines Manual in effect on the last date that the offense of

conviction was committed, in which case the Court must consider the Guidelines Manual in

effect on the last date that the offense of conviction was committed.  The parties agree that there

is no *ex post facto* issue under the November 2013 Guidelines Manual.  The Court must also

consider the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence.

The defendant understands that the Guidelines determinations will be made by the Court by a

preponderance of the evidence standard.  The defendant understands that although the Court is

not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence

must be reasonable based upon consideration of all relevant sentencing factors set forth in 18

U.S.C. § 3553(a).  Pursuant to U.S.S.G. § 1B1.8, the United States agrees that self-incriminating

information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce or loss attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. § 1B1.8(b).

8.      Pursuant to U.S.S.G. § 6B1.4, the United States and the defendant enter into the following stipulations:

(a)      The base offense level to which the defendant is pleading, pursuant to U.S.S.G. §§ 2B1.1(c)(3) and 2B4.1(a), is 8.

(b)      The value of the improper benefit to be conferred within the meaning of U.S.S.G. §§ 2B4.1(b)(1), 3D1.1, 3D1.2(d), and 3D1.3(b), is more than $1,000,000 but less than $2,500,000, which increases the offense level by 16.

(c)      The United States may argue at sentencing that the defendant was an organizer or leader of a criminal activity that involved five or more participants and that an upward adjustment of up to four (4) offense levels is appropriate under U.S.S.G. § 3B1.1(a). The defendant may argue at sentencing that no upward adjustment based on aggravating role is appropriate under U.S.S.G. § 3B1.1.

(d)      For the purposes of U.S.S.G. § 3E1.1, a 3-level reduction of the offense level for the defendant's acceptance of responsibility is appropriate.

(e)      Based on the foregoing, the defendant's adjusted offense level is at least 21 and no more than 25.  For offense level 21, the Guidelines range is 37 to 46 months in prison and a fine between $7,500 and $75,000.  For offense level 25, the Guidelines range is 57 to 71 months in prison and a fine between $10,000 and $100,000.

6

## SENTENCING AGREEMENT

9.      Pursuant to Fed. R. Crim. P. 11(c)(1)(B), and subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 12 of this Plea Agreement, the United States and the defendant agree to the following (collectively "the recommended sentence"):

(a)      pursuant to U.S.S.G. § 3B1.1, the United States may argue at sentencing for up to a four-level upward adjustment based on aggravating role, and the defendant may argue against an upward adjustment based on aggravating role;

(b)      a period of imprisonment of at least thirty-seven (37) months, based on a total offense level of 21 if no upward adjustment under U.S.S.G. § 3B1.1 is appropriate, but no more than fifty-seven (57) months, based on a total offense level of 25 if an upward adjustment of four levels under U.S.S.G. § 3B1.1(a) is appropriate, ("the recommended range");

(c)      a criminal fine as recommended by the Probation Office;

(d)      a one-year period of supervised release; and

(e)      restitution to Ryan International Airlines, Inc. in the amount of $202,856.17, pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii).

10.      The United States will not object to the defendant's request that the Court make a recommendation to the Bureau of Prisons that the Bureau of Prisons designate that the defendant be assigned to a Federal Minimum Security Camp to serve his sentence and that the defendant be released following the imposition of sentence to allow him to self-surrender to the assigned prison facility on a specified date.  The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the

U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. § 5K2.0. The parties agree not to seek at the sentencing hearing any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the recommended sentence, including the recommended range, set forth in this Plea Agreement is reasonable. The defendant understands that the Court will order him to pay a $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any restitution imposed.

11.     The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence, including the recommended range, provided for in Paragraph 9 of this Plea Agreement. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with the recommended sentence, including the recommended range, contained in this Plea Agreement, he nevertheless has no right to withdraw his plea of guilty.

## DEFENDANT'S COOPERATION

12.     The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal criminal laws involving the airline industry, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or conspiracy to commit such offenses

in, a Federal Proceeding.  The full, truthful, and continuing cooperation of the defendant shall include, but not be limited to:

(a)     producing all documents, including claimed personal documents, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, in the possession, custody, or control of the defendant, requested by attorneys and agents of the United States in connection with any Federal Proceeding;

(b)     making himself available for interviews upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

(c)     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or conspiracy to commit such offenses;

(d)     otherwise voluntarily providing the United States with any material or information, not requested in (a) - (c) of this paragraph and not protected under the attorney-client privilege or work-product doctrine that he may have that is related to any Federal Proceeding; and

(e)     when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*).

## GOVERNMENT'S AGREEMENT

13.     Subject to the full, truthful, and continuing cooperation of the defendant, as described in Paragraph 12 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States will dismiss Counts Two, Three, Four, and Five in the Indictment, as well as the Criminal Forfeiture allegation, and will not bring further criminal charges against the defendant for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of the scheme to defraud Ryan International Airlines, Inc. as set forth in Paragraph 4 ("Relevant Offense"). The nonprosecution terms of this paragraph do not apply to (a) any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind, (c) any violation of the federal tax or securities laws, or conspiracy to commit such offenses or (d) any crime of violence.

14.     The United States reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If, in the sole and unreviewable judgment of the United States, the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentence calculated under the Sentencing Guidelines, the United States may, subsequent to sentencing, make a motion consistent with the intent of Rule 35 of the Federal Rules of Criminal Procedure reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing

Guidelines. The defendant acknowledges and agrees, however, that nothing in this Plea Agreement may be construed to require the United States to file any such motion and that the United States' assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of the United States filing of any such motion is concerned.

15.    The defendant understands and acknowledges that the Court is under no obligation to grant the motions referred to in this Plea Agreement should the United States exercise its discretion to file any such motion.  The defendant also understands and acknowledges that the Court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

16.    The defendant understands that, upon sentencing, his conviction may qualify for reporting by the Antitrust Division to the Department of Justice's Bureau of Justice Assistance pursuant to 10 U.S.C. § 2408 for inclusion in the Defense Procurement Fraud Debarment Clearinghouse database and the System for Award Management.  The defendant understands that 10 U.S.C. § 2408 and the associated regulation 48 C.F.R. § 252.203-7001 provide for a mandatory term of debarment of at least five years for qualifying defendants which term may only be waived if the Secretary of Defense determines a waiver is in the interests of national security.  The defendant understands that he may be subject to additional suspension or debarment actions by state or federal agencies other than the Antitrust Division, based upon the conviction resulting from this Plea Agreement and upon grounds other than 10 U.S.C. § 2408, and that this Plea Agreement in no way controls what additional action, if any, other agencies may take.  However, the Antitrust Division agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such additional action of the fact, manner, and

extent of the cooperation of the defendant as a matter for that agency to consider before determining what action, if any, to take. The defendant nevertheless affirms that he wants to plead guilty regardless of the suspension or debarment consequences of his plea.

## REPRESENTATION BY COUNSEL

17.     The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement. After conferring with his attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

## VOLUNTARY PLEA

18.     The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

19.     The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full, truthful, and continuing cooperation, as described in Paragraph 12 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile

12

transmission and may also notify his counsel by telephone of its intention to void any of its

obligations under this Plea Agreement (except its obligations under this paragraph), and the

defendant shall be subject to prosecution for any federal crime of which the United States has

knowledge including, but not limited to, the substantive offenses relating to the investigation

resulting in this Plea Agreement.  The defendant agrees that, in the event that the United States is

released from its obligations under this Plea Agreement and brings criminal charges against the

defendant for any Relevant Offense, the statute of limitations period for such offense shall be

tolled for the period between the date of signature of this Plea Agreement and six (6) months

after the date the United States gave notice of its intent to void its obligations under this Plea

Agreement.

20.     The defendant understands and agrees that in any further prosecution of him

resulting from the release of the United States from its obligations under this Plea Agreement

based on the defendant's violation of the Plea Agreement, any documents, statements,

information, testimony, or evidence provided by him to attorneys or agents of the United States,

federal grand juries, or courts, and any leads derived therefrom, may be used against him in any

such further prosecution.  In addition, the defendant unconditionally waives his right to challenge

the use of such evidence in any such further prosecution, notwithstanding the protections of Fed.

R. Evid. 410.

### ENTIRETY OF AGREEMENT

21.     This Plea Agreement constitutes the entire agreement between the United States

and the defendant concerning the disposition of the criminal charges in this case.  This Plea

Agreement cannot be modified except in writing, signed by the United States and the defendant.

22.     The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

23.     A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

Date: _3|6|14_____          By: _____
                                    Shane Cralle
                                    Craig Y. Lee
                                    Natasha Smalky
                                    Trial Attorneys
                                    National Criminal Enforcement Section
                                    U.S. Department of Justice
                                    Antitrust Division
                                    450 Fifth Street NW, Suite 11300
                                    Washington, D.C. 20530
                                    Tel: (202) 532-4398
                                    Email: shane.cralle@usdoj.gov

Date: _3/6/14_____          By: _____
                                    James R. Gailey
                                    Attorney for Defendant

Date: _3/6/14_____          By: _____
                                    Sean E. Wagner
                                    Defendant

14